UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PEERLESS INSURANCE COMPANY as
Subrogee of TRIDENT PRECISION
MANUFACTURING, INC. and as subrogee
of RICHARD WILLIAMS,,

                                    Plaintiff,

                v.                                      5:12-CV-1847

AMADA AMERICA, INC.,

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Trident Precision Manufacturing, Inc. ("Trident") is a New York Corporation that manufactures precision components for various machines. It is claimed that Trident owned and used an HFBO press brake manufactured and sold by Defendant Amada America, Inc. ("Amada") on or about January 9, 1999. At all times relevant hereto, Richard Williams was an employee of Trident. On November 20, 2009, while using the press brake at Trident's facility, Williams received injuries to his left hand and fingers, when he became trapped in the press brake's die area.

       Plaintiff Peerless Insurance Company ("Peerless") provided workers' compensation insurance to Trident. As a result of the injuries to Williams, Peerless incurred losses totaling $96,031.27. Plaintiff commenced the instant action, as subrogee of Williams and Trident, asserting claims of products liability, failure to warn, negligence, and breach of warranty.

Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56, seeking dismissal of the breach of warranty claim on the ground that it is barred by the applicable statute of limitations. Defendant opposes the motion on the ground that it is premature, it does not yet have discovery concerning any warranty, and there may be a warranty extending to future performance which would not be time barred.

It is well-settled that the statute of limitations applicable to breach of warranty claims is four years and that it runs from tender of delivery. Stuart v. Am. Cyanamid Co., 158 F.3d 622, 629 (2d Cir. 1998); Griffin v. Garratt-Callahan Co., 74 F.3d 36, 40 (2d Cir. 1996); Long Island Lighting Co., v. Imo Indus., Inc., 6 F.3d 876, 883 (2d Cir. 1993); N.Y.U.C.C. § 2-725. If, however, a warranty explicitly extends to the future performance of the goods, then the statute of limitations begins to run on the date of discovery. Long Island Lighting Co., 6 F.3d at 883.

Here, Plaintiff does not dispute when the press brake was tendered, but contends that there may be facts evidencing a warranty explicitly extending into the future. Defendant responds by supplying the relevant warranty, which plainly does not extend to future performance.[1] Rosen v. Spanierman, 894 F.2d 28, 31-32 (2d Cir. 1990); Momentive Performance Materials USA, Inc. v. AstroCosmos Metallurgical, Inc., 659 F. Supp.2d 332, 348 (2d Cir. 2009). Plaintiff consents to the dismissal of the breach of warranty claim "provided that such withdrawal is without prejudice with leave to reinstate a claim for breach of an express warranty, if additional evidence is procured."

---

[1] By its plain terms, the warranty is for a period of 12 months commencing on the date of delivery or, if Defendant was to install the item, the date of installation.

Assuming that there is no warranty explicitly extending into the future, Plaintiff's breach of warranty claim must be dismissed as untimely. The evidence strongly suggests that there is no such explicit warranty. Accordingly, Defendant's motion is GRANTED IN PART. Plaintiff's breach of warranty claim is DISMISSED WITHOUT PREJUDICE to refiling upon the discovery of evidence, consistent with the obligations imposed by Fed. R. Civ. P. 11, substantiating a claim of express warranty.

IT IS SO ORDERED.

Dated: January 22, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge